BLD-281                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1813
_____

ONOFRIO POSITANO,
Appellant

v.

JOHN WETZEL, SECRETARY OF D.O.C.; JOHN KRESTES, SUPERINTENDENT;
MARVA CERULLO, HEALTH ADMINISTRATOR; JOHN LISIAK, JR., DOCTOR,
MEDICAL DIRECTOR; RUTH CONNOR, RN; BERNADETTE MASON, UNIT
MANAGER; MICHAEL VUKSTA, MAJOR, INDIVIDUALLY, ET AL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-01234)
District Judge: Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 8, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Onofrio Positano appeals the District Court's order dismissing

his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismissing

1

his motion for a temporary restraining order and preliminary injunction as moot. For the reasons set forth below, will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion. Positano is a prisoner currently incarcerated in the State Correctional Institution at Mahanoy ("SCI-Mahanoy"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging misdiagnosis, mistreatment, and deliberate indifference in connection with the treatment of his heart condition while he was incarcerated. He seeks monetary damages and injunctive relief in the form of a transfer to a community corrections center and suspension of the Defendants' medical licenses. Named as Defendants are various prison officials (the "Commonwealth Defendants") and Dr. John Lisiak, Jr., D.O., the medical director at SCI-Mahanoy.

In his complaint filed in October 2011, Positano claims that the mistreatment of his heart condition lead to quadruple coronary bypass surgery in June 2011. With respect to his claims against Dr. Lisiak, the only references to him are in the exhibits to Positano's complaint. First, he alleges that in May 13, 2011, he was approved for a cardio-stress test, "although Dr. Lisiak (the new Medical director) stated that he was 97% positive that there was nothing wrong with my heart and no blockage was there and no heart attacks had ever occurred." Positano alleges that in August 2011, his blood pressure and heart rate were high, and that Dr. Lisiak told him he did not understand what

2

was causing the problems. He asserts that Dr. Lisiak ignored his requests to see a cardiologist. In October 2011, a heart echosound was performed and according to Dr. Lisiak, Positano's aortic artery was constricting and there was fluid around his heart. Positano was taken to a cardiologist, who told him that his heart valves were leaking, his nitro-glycerin patch should have been removed in July 2011, and that Dr. Lisiak had prescribed the wrong medication.

With respect to Positano's claims against the Commonwealth Defendants, he complains about the medical care he received and in one instance, he alleges that Nurse Ruth Connor was rude to him and made him wait for over thirty minutes until he received care. Positano also alleges deliberate indifference because in July 2011, right after his surgery, he was housed with a smoker

Dr. Lisiak and the Commonwealth Defendants filed motions to dismiss Positano's complaint and Positano filed a motion for a temporary restraining order and preliminary injunction to ensure that he receives proper medical treatment.[1] The District Court granted the motions to dismiss and dismissed the motion for a temporary restraining order and preliminary injunction as moot. Positano timely filed this appeal.

---

[1] Dr. Lisiak also filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) seeking to dismiss the medical malpractice claims against him based on Positano's failure to file the requisite Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3. Because the District Court granted Dr. Lisiak's 12(b)(6) motion, it declined to exercise jurisdiction over Positano's state law claims and denied the 41(b) motion as moot, thereby allowing Positano to file a medical malpractice claim against Dr. Lisiak in Pennsylvania state court.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Positano claims that Dr. Lisiak violated his rights under the Eighth Amendment. However, there are no allegations in the complaint to support such a claim. In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d

4

Cir. 2009).  For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care."  Id. (quotation marks omitted).  However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Positano's claims against Dr. Lisiak are based on his allegations that Dr. Lisiak told him that he was "97% positive" that there was nothing wrong with his heart and that the cardiologist told him that Dr. Lisiak had prescribed the wrong medication.  Positano also alleges that Dr. Lisiak did not timely and properly perform diagnostics and treatment.  While these allegations against Dr. Lisiak may, if true, rise to the level of medical malpractice, Positano fails to allege that Dr. Lisiak had a sufficient "culpable state of mind" when he treated him and, thus, he fails to state a claim for deliberate indifference against Dr. Lisiak.  See Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999) ("In the context of a deliberate indifference claim based on failure to provide adequate medical treatment, '[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'").

Positano's complaint also fails to state a claim against the Commonwealth Defendants.  First, Positano claims that Commonwealth Defendant Nurse Ruth Connor

was rude to him and failed to immediately treat him when he went for treatment. He claims that he had to wait over thirty minutes to be seen. In response to the grievance filed concerning this claim, the prison official indicated that Positano was not seen immediately because multiple inmates were there at the same time. See Complaint, docket. #3 at Exhibit IV. Nonetheless, Positano received treatment and he does not allege that it was a serious medical need that needed to be addressed immediately, or that he suffered any injury due to the delay in treatment. Accordingly, the claim against Nurse Connor does not amount to deliberate indifference. Similarly, Positano's claims against Commonwealth Defendant Bernadette Mason, the Unit Manager, fail. Positano alleges that after his surgery, Mason housed him in a cell with a smoker, which was in disregard of his serious medical need and deliberately indifferent. The grievance response states: "Since all cells are non-smoking, the issue of your cellmate smoking will be addressed to ensure he is in compliance with policy." See Complaint, docket. #3 at Exhibit V. Consequently, without more, Positano cannot claim that Mason was deliberately indifferent to his medical needs.[2]

---

[2]Positano amended his complaint to append an additional grievance about being housed with a smoker, as well as a grievance relating to whether a special diet had been ordered for him. We will not consider these claims because the grievance concerning his being housed with a smoker was filed on March 12, 2012, over four months after Positano filed his initial complaint in the District Court, and the diet-related grievance was finally resolved on May 15, 2012, over seven months after Positano filed his initial complaint in the District Court. Under the PLRA, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006) (emphasis added). See also Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d

6

Regarding the claims against the remaining Commonwealth Defendants, to establish liability under § 1983, each individual defendant "'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. These allegations must be made with appropriate particularity. Id. Here, Positano's complaint does not demonstrate how the remaining Commonwealth Defendants were personally involved in violating his constitutional rights and, thus, it fails to state a cause of action under the Eighth Amendment.[3]

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. We deny Appellant's motion for appointment of counsel.

---

Cir. 2002); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (administrative remedies may not be exhausted during the pendency of the federal lawsuit).

[3] The District Court granted the Defendants' motion to dismiss for failure to exhaust administrative remedies. Because we conclude that Positano's complaint fails to state a cause of action, we do not need to address the issue of exhaustion.